8105

STATE *EX REL.* TAYLOR v. GOVERNOR BLEASE, CHAIR-MAN.

SCHOLARSHIPS—STATE INSTITUTIONS.—UNDER A STATUTE (Acts 1911, 113) providing that no student who has attended Clemson College shall be eligible to a free scholarship therein, a student who has attended the preparatory classes is ineligible.

Before WILSON, J., Richland, September, 1911. Affirmed.

Petition by W. B. and Guy B. Taylor for writ of mandamus against Governor Blease, chairman, and J. E. Swearingen, secretary, of the State Board of Education *et al.* From Circuit order, refusing the writ, relators appeal.

*Messrs. Rembert & Monteith,* for appellants.

*Attorney General J. Fraser Lyon* and *W. H. Sharpe,* contra.

February 26, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The statute of February 17, 1911, provides for the award of scholarships in the University of South Carolina, Clemson Agricultural College, the Citadel, and Winthrop Normal and Industrial College; "by the State Board of Education upon the recommendation of the faculties of the respective institutions, or of such committees as may be appointed for that purpose by the boards of trustees of those institutions." Among other conditions of eligibility the statute imposes the following: "No applicant for a scholarship shall be eligible to stand an examination for a scholarship if such applicant has already attended the institution for which the scholarship

is intended, or any other institution of higher learning known as a college or university: *Provided,* That this condition shall not apply where there is no other applicant."

The relator, Guy B. Taylor, stood the examination and was recommended by the faculty of Clemson College for appointment to a scholarship in that institution, but the board of education refused to appoint him on the ground that he had already attended Clemson College, and was, therefore, ineligible under the terms of the statute. Thereupon a petition was filed praying for a writ of mandamus requiring the board of education to make the appointment. Without stating the pleadings in detail, it is sufficient to state that the cause depends on the admitted fact that Guy B. Taylor was a student in the preparatory class, a department of Clemson College, during the college year 1910-11, and received free tuition at the hands of the trustees. The appeal is from an order of the Circuit Judge refusing the writ on the ground that attendance as a student in a preparatory class at Clemson College fell within the terms of the statute, and that Taylor was therefore ineligible to appointment.

We think there can be no doubt that the State Board of Education and the Circuit Judge correctly construed the statute. The several State institutions of learning are distinct entities, and the name of one of them used without limitation in a statute or elsewhere is understood by everybody to mean the entire institution, including all its departments as organized and conducted under the law. Certainly there is no authority for the Board of Education or the Court to undertake to cut Clemson College into parts and say that the General Assembly in legislating for "Clemson Agricultural College" meant to exclude its preparatory classes.

The Court cannot give such a meaning to the statute on the ground that there was no reason for the General Assembly to make preparatory students ineligible to

scholarships, and that, therefore, their exclusion could not have been intended. When the terms of a statute are perfectly plain, it is not for the Court to find reasons for its enactment, or for a failure to make its language less general. Moreover, it would be very bold for the Court to say that there was no reason for making the rule of ineligibility so broad as to include attendance in the preparatory department of the college, for it may have been the design of the General Assembly to give the advantage of scholarships exclusively to those boys and girls whose opportunities were limited to the ordinary schools of the State.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.